UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELANIE WHITE, individually and as PR of the Estate of Isiah White and DARREN POLLARD,
    Plaintiffs,

v.

LEIGH HLAVATY, acting in his individual and official capacity as Deputy Chief Medical Examiner for the Wayne County Medical Examiner's Office and WAYNE COUNTY,
    Defendant.

Case No. 2:22-cv-12835
Hon.

**COMPLAINT AND JURY DEMAND**

_____

WEBSTER LAW OFFICE, PLLC
Dionne Webster-Cox (P70422)
Nicole Wisnewski (P84618)
Attorneys for Plaintiffs
24100 Southfield Rd., Suite 200
Southfield, MI 48075
(734) 215-2444
Fax: (734) 943-6069
dewc@websterlawofficepllc.com
nmw@websterlawofficepllc.com

_____

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

**COMPLAINT AND JURY DEMAND**

Plaintiffs state:

## COMMON ALLEGATIONS

1. This Monell Claim arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(a)(3) and (4).

2. Plaintiffs ask this court to exercise Supplemental Jurisdiction over the related matters as the civil claims against the individual defendants arise out of the same common nucleus of operative facts as the federal claim.

3. Plaintiff White acts as Personal Representative to the Decedent, Isiah White and his estate, as well as individually in this matter.

4. Plaintiff Pollard is the father of Decedent.

5. Decedent's estate was opened in Wayne County, Michigan.

6. It is under information and belief that Defendant Hlavaty is a resident of Wayne County, Michigan. For all relevant times in this matter, Defendant Hlavaty was employed by the Wayne County Medical Examiner's Office.

7. When these alleged events occurred, Defendant Hlavaty was acting within the scope of his employment and under the color of law.

8. At all material times, Defendant Wayne County and its department, the Wayne County Medical Examiner's Office, employed Defendant Hlavaty and is liable for his acts. The county is also liable because of its policies, practices, and customs, which led to the complaint of violation.

9. On September 21, 2021 at approximately 1:00 AM, Isiah White, a black male, (Decedent) was shot through the back of the head with a shotgun. The time of death recorded was 3:15 AM. Exh. 1 and 2.

10. Police were called on the scene by Decedent's roommate, Trey Lapsley, at 1:02 AM and arrived on the scene at 1:10 AM. Exh. 3.

11. Trey Lapsley claims he heard a gunshot while he was playing a video game, went downstairs, and found Decedent shot. *Supra.*

12. Trey Lapsley claims only he and Decedent were in the home. *Supra.*

13. Trey Lapsley insinuated, or blatantly said, that Decedent had just been released from a hospital for mental health issues and was depressed. *Supra.*

14. The Defendant Hlavaty's Postmortem report dated September 23, 2021 stated that the death was a homicide. The death certificate, dated for the same date, also states the death was a homicide. Exh. 1 and 2.

15. For unknown reasons, almost two months later, on November 10, 2021, an Addendum to the Postmortem Report was made by Defendant Hlavaty stating that because of the statements made to police, because police "felt" like Trey Lapsley wasn't involved in the shooting, and because it is possible that Decedent shot himself in the back of the head with a shotgun, that the death would be ruled a suicide. Exh. 4.

16. It should be noted that the type of shotgun that was found on the scene is not indicated within either the police report or the medical examiner's report. If the shotgun was a long gun, no evidence has been presented that shows the possibility that Decedent was able to reach the trigger with his left hand.

17. Further, Defendant Hlavaty has not indicated what, if any, new evidence was discovered in November that led to this change of determination, as the information addressed in the addendum was information that was available in the police report dated September 21, 2022, at 2:58 AM by Officer Jacorey Scott. Exh. 3.

18. Police have indicated that the case is now closed due to the suicide determination by the Medical Examiner.

19. It is upon information and belief that this determination was made due to Decedent's race due to the bizarre, unwarranted, and unreasonable transition from "Homicide" to "Suicide" based on the same evidence that merited the initial homicide determination. This is the second case of its type being initiated by Webster Law Office, PLLC with an African American decedent, which is why Plaintiffs believe this determination is being made on a racial basis.

20. Defendants are not immune via qualified immunity under MCL 691.1407 because their conduct was grossly negligent or intentional.

21. Defendants are not immune via qualified immunity because they violated the clearly recognized right against racial discrimination by government officials and any reasonable official would have recognized the violation.

## BACKGROUND

22. Plaintiffs incorporate by reference the previous paragraphs of this Complaint.

23. In addition to this civil complaint against Wayne County's Medical Examiner's Office, Webster Law Office PLLC is also initiating another, separate, complaint of an instance where the Wayne County Medical Examiners changed the "homicide" determination of Kaniesha Coleman, a black female, via Autopsy Report Addendum to "suicide". In that case, Kaniesha's suicide determination occurred several months later and was changed solely based to polygraph testimony. In that case, a different Medical Examiner did not indicate how the lack of soot and gunpowder stippling was reconciled with the polygraph testimony.

24. This was autopsy report was conducted by a different Medical Examiner.

25. This separate matter shows that there is a pattern of behavior from the Wayne County Medical Examiner's Office to make outlandish suicide determinations for African American citizens based on little to no physical evidence, thus halting any further investigation upon their murders.

## COUNT I
### Fourteenth Amendment Violation
### (Monell Claim - 42 USC 1983)

26. Plaintiffs incorporate by reference the previous paragraphs of this Complaint.

27. Decedent's constitutionally protected rights that Defendants violated include the fair and equal treatment guaranteed and protected by the Equal Protections Clause under the Fourteenth Amendment.

28. Defendants, acting under the color of state law, unreasonably and without merit, switched Decedent's cause of death to "suicide" from "homicide".

29. It is upon information and belief that this determination was made due to the ethnicity of the Decedent and the perceived disposability of Decedent's case due to his race.

30. Defendants, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, or reckless disregard to Decedent's constitutional rights to be treated fairly and equally without regard to his ethnicity.

31. Defendants acted in knowing disregard to Decedent's constitutional rights and any Medical Examiner in Defendants' situation would know that this is a violation of Decedent's constitutional rights.

32. Defendant Wayne County, acting under color of state law, permitted this conduct and either holds policies, practices, and customs that allowed this conduct to flourish or is completely indifferent to the constitutional violations committed by its officers and has subsequently failed to stop these arbitrary suicide determinations.

33. If Defendants did not make a racial classification on Decedent, there was still no rational basis for this decision and Defendant Hlavaty abused his discretion by unreasonably determining that Decedent's death was a suicide.

34. L.J. Dragovic, the Medical Examiner for Oakland County, told NPR that changing a death certificate's cause of death is rare, and that he had never done it in his 35-year career. *See* Exh. 5.

35. As a direct and proximate cause of Defendant Hlavaty's conduct, Decedent's investigation has been closed and justice has been systemically denied to Decedent.

36. As a direct and proximate cause of these policies, practices, and customs, Decedent was deprived of his constitutionally protected rights, described above, and has suffered serious reputational damage.

PLAINTIFFS REQUEST a judgment against Defendants in the amount of $1,000,000.00, together with costs, interest, and attorney fees.

## COUNT II
## Gross Negligence

37. Plaintiffs incorporate by reference the previous paragraphs of this Complaint.

38. Defendant owed Decedent the following duties, including but not limited to

    a. complying with the COUNTY MEDICAL EXAMINERS Act 181 of 1953;

    b. complying with MCL 52.205(3), and with the rules and standards promulgated or adopted by reference to this act;

    c. complying with MCL 52.202(1)(a), which states that a medical examiner *shall* investigate a death caused by violence.

    d. complying with MCL 52.202(1)(b), which states that a medical examiner *shall* investigate a death that is unexpected.

    e. exercising reasonable care to produce accurate records; and

    f. ascertaining, through evidence and honest belief, a cause of death that was accurate.

39. Defendant breached each of these duties through gross negligence or reckless, wanton disregard by producing false documents.

40. As a direct and proximate result of Defendant's breach of these duties, Decedent has suffered the aforementioned civil rights violations as well as

serious and significant damage to his reputation due to a false suicide determination.

PLAINTIFFS REQUEST a judgment against Defendants in the amount of $1,000,000.00, together with costs, interest, and attorney fees.

## COUNT III
### Negligent Infliction of Emotional Distress – Melanie White

41. Plaintiff White incorporates by reference the previous paragraphs of this Complaint.

42. The lack of investigation conducted due to the police's reliance on Defendants' report, and the baseless allegation that Decedent committed suicide has caused serious mental and spiritual anguish on Plaintiff White.

43. The shock of the determination has caused the following physical manifestations:

    a. Lack of sleep, heightened stress, and physical bodily pains due to lack of sleep and prolonged stress.

44. Plaintiff White is Decedent's mother.

45. The negligent determination directly created this shock and distress, so it occurred at the incident of the determination's release.

PLAINTIFF WHITE REQUESTS a judgment against Defendants in the amount of $1,000,000.00, together with costs, interest, and attorney fees.

## COUNT IV
### Negligent Infliction of Emotional Distress – Darren Pollard

46. Plaintiff Pollard incorporates by reference the previous paragraphs of this Complaint.

47. The lack of investigation conducted due to the police's reliance on Defendants' report, and the baseless allegation that Decedent committed suicide has caused serious mental and spiritual anguish on Plaintiff Pollard.

48. The shock of the determination has caused the following physical manifestations:

    a. Lack of sleep, heightened stress, and physical bodily pains due to lack of sleep and prolonged stress.

49. Darren Pollard is Decedent's father.

50. The negligent determination directly created this shock and distress, so it occurred at the incident of the determination's release.

PLAINTIFF POLLARD REQUESTS a judgment against Defendants in the amount of $1,000,000.00, together with costs, interest, and attorney fees.

|  |  |
|---|---|
|  | WEBSTER LAW OFFICE, PLLC |
| Dated: November 22, 2022 | /s/ Dionne Webster-Cox <br> Dionne Webster-Cox (P70422) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELANIE WHITE, individually and as PR of the Estate of Isiah White and DARREN POLLARD,
    Plaintiffs,

v.

LEIGH HLAVATY, acting in his individual and official capacity as Deputy Chief Medical Examiner for the Wayne County Medical Examiner's Office and WAYNE COUNTY,
    Defendant.

Case No. 2:22-cv-12835
Hon.

**DEMAND FOR JURY TRIAL**

_____

WEBSTER LAW OFFICE, PLLC
Dionne Webster-Cox (P70422)
Nicole Wisnewski (P84618)
Attorneys for Plaintiffs
24100 Southfield Rd., Suite 200
Southfield, MI 48075
(734) 215-2444
Fax: (734) 943-6069
dewc@websterlawofficepllc.com
nmw@websterlawofficepllc.com

_____

    Plaintiff demands a jury trial.

                                          Respectfully submitted,

DATE: November 22, 2022            */s/ Dionne E. Webster-Cox*
                                                  Dionne E. Webster-Cox (P70422)
                                                  Attorney for Plaintiff